Joseph **MEYER**, Libelant,

v.

**UNITED STATES of America,**
Respondent,

v.

**MAIN SHIP REPAIR CORP.,**
Respondent-Impleaded.

No. 64 Ad. 305.

United States District Court
S. D. New York.

May 18, 1966.

Israel & Taubenblatt, New York City, for libelant.

Robert M. Morgenthau, U. S. Atty., New York City, for respondent (Louis E. Greco and Philip A. Berns, Admiralty & Shipping Section, Dept. of Justice, New York City, of counsel).

Raymond J. MacDonnell, New York City, for respondent-impleaded (Philip Hoffer, New York City, of counsel).

RYAN, Chief Judge:

This action is before us for trial and decision on stipulated facts.

The facts are basically as follows: on December 20, 1963, Joseph Meyer, an employee of the Main Ship Repair Corp., was injured while performing repair work on the U.S.S. KANKAKEE, a United States publicly owned ship. He was injured when an extension light was accidentally, dropped by a Navy seaman striking him on the head. Meyer's injuries were aggravated because he failed to wear a protective helmet. For this reason, he was contributorily negligent. Meyer is entitled to recover $5,000.00 from the United States which represents the net recovery of the amount which libelant would have been entitled to after reduction of the award because of his own contributory negligence. In addition, the Empire Mutual Insurance Company, the insurer of Main Ship Repair Corp., has medical and compensation liens of $1,094.35.

The sole question presented for decision is whether the United States must pay Meyer $5,000.00 and repay the medical and compensation liens to the insurer or whether the Main Ship Repair Corp., the respondent-impleaded, shall bear these costs plus the Government's attorneys' fees, disbursements and costs. The answer turns on the interpretation of the master contract for repair and alteration of vessels entered into by Main Ship Repair Corp. and the Department of the Navy.

The relevant contract provisions are as follows:

"CLAUSE 10. LIABILITY AND INSURANCE.

(a) The Contractor shall exercise reasonable care and use his best efforts to prevent accidents, injury or damage to all employees, persons and property, in and about the work, and to the vessel or part thereof upon which work is done.

\*　\*　\*　\*　\*　\*

(c) The Contractor indemnifies and holds harmless the Government, its agencies and instrumentalities, the vessel and its owners, against all suits, actions, claims, costs or demands (including, without limitation, suits, actions, claims, costs or demands resulting from death, personal injury and property damage) to which the Government, its agencies and instrumentalities, the vessel or its owner may be subject or put by reason of damage or injury (including death) to the property or person of any one other than the Government, its agencies, instrumentalities and personnel, the vessel or its owner, arising or resulting in whole or in part from the fault, negligence, wrongful act or wrongful omission of the Contractor, or any subcontractor, his or their servants,

agents or employees; *provided*, that the Contractor's obligation to indemnify under this paragraph (c) shall not exceed the sum of $300,000 on account of any one accident or occurrence in respect of any one vessel. Such indemnity shall include, without limitation, suits, actions, claims, costs or demands of any kind whatsoever, resulting from death, personal injury or property damage occurring during the period of performance of work on the vessel * * *".

The contract also provides that the Contractor shall obtain casualty, accident and liability insurance, which it has done.

Clause 29 of the contract is entitled "DEPARTMENT OF LABOR SAFETY AND HEALTH REGULATIONS FOR SHIP REPAIRING" and directs the attention of the Contractor to certain Health and Safety Regulations and Laws which apply to ship repair and related work. In relevant part, they are as follows: 29 C.F.R. 1501.2 provides:

"SCOPE AND RESPONSIBILITY.

(a) The responsibility for compliance with the regulations of this part is placed upon 'employers' * * *".

29 C.F.R. § 1501.83 entitled "HEAD AND FOOT PROTECTION" provides:

"(a) When employees are working in areas where there is danger of falling objects they shall be protected by protective hats."

The determination of the issue turns upon resolution of the question whether the injury did arise or result in part from the fault, negligence, wrongful act or wrongful omission of Main Ship Repair Corp. or any subcontractor, his or their servants, agents or employees.

We have concluded that it did.

Regardless of whether Meyer's negligence is imputed to his employer, under the terms of the contract the Contractor had a specific duty to enforce the very health and safety regulation the disregard of which contributed to Meyer's serious injury. The parties stipulate that "Meyer was not wearing a helmet at any time during the day of the accident"; and that "it was necessary for persons working in the engine room where libelant was injured to wear hard hats due to the danger of falling objects."

Main's failure to enforce this regulation was at the least a wrongful omission. Meyer's injury resulted in part from this wrongful omission, and therefore under the terms of this contract, the Contractor must indemnify the Government.

Main contends that any liability which might have been attributable to their employee has already been considered and accounted for in the $5000.00 amount to be paid libelant. In other words, they contend that, if hypothetically libelant was injured to the extent of $15,000.00 and his own contributory negligence caused $10,000.00 damage the $5,000.00 to be paid to libelant was solely for the negligence of the Government and therefore not the responsibility of Main. If it were not for the language in the contract calling for indemnification of the United States when the injury resulted " * * * in whole or *in part* from the fault, negligence, wrongful act or wrongful omission of the Contractor, * * * his * * * servants, agents or employees; * * *", this would be the case. But this language, when considered against the background of a contract designed both to protect the Government from suit and to protect an injured party by placing the requirement of insurance on the Contractor, clearly indicates that when an employee of Main has contributed in any way to an injury by his negligence or wrongful omission, as between Main and the United States, the entire burden must be borne by Main.

We hold that the Main Ship Repair Corp. must pay the libelant the $5,000.00 owed to him and also must pay the United States reasonable attorneys' fees, disbursements and costs as required by the contract.

Submit order and judgment on due notice in accordance with the foregoing.